UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern District)

| | |
|---|---|
| **WILLIAM ROMANI**<br>**443 S. Greensboro Street**<br>**Carrboro, NC 27510**<br><br>      **Plaintiff**<br><br>v.<br><br>**WOLTERS KLUWER, INC. is a Delaware Corporation with its principal place of business in New York, New York.**<br><br>**and**<br><br>**WOLTERS KLUWER HEALTH, INC. is a Delaware Corporation with its principal place of business at Two Commerce Center, 201 Market Street, Philadelphia, PA**<br><br>      **Defendants** | Civil Action No.  1:25-cv-4172 |

\*   \*   \*   \*   \*   \*   \*

# COMPLAINT

Plaintiff, Dr. William Romani, by and through his attorneys William C. Parler, Jr., and the Law Offices of William C. Parler, Jr., LLC, sues Defendants Wolters Kluwer, Inc, and Wolters Kluwer Health, Inc, and states:

## PARTIES

1. Plaintiff William Romani was a resident of Baltimore, Maryland when the Publishing Agreement was executed but relocated to North Carolina on June 30, 2023.

2. Defendant Wolters Kluwer, Inc. is a Delaware corporation with its principal place of business in New York, New York.

3. Defendant Wolters Kluwer Health, Inc. is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania, and was previously known as Lippincott, Williams & Wilkins.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant Wolters Kluwer, Inc. pursuant to Md. Courts and Judicial Proceedings Code Ann. § 6-103, as Defendant transacts business in Maryland, contracts to supply services in Maryland, and derives substantial revenue from services used in Maryland through its publishing activities.

6. This Court has personal jurisdiction over Defendant Wolters Kluwer Health, Inc. as it maintained an office in Baltimore, Maryland, when operating as Lippincott Williams & Wilkins during the relevant time period of the Publishing Agreement.

7. This Court is the proper venue for this case pursuant to 28 USCS § 1391, as a substantial part of the events giving rise to the claim occurred in this judicial district, and Plaintiff is a resident of Maryland.

## STATEMENT OF FACTS

8. On December 30, 2003, Plaintiff entered into an addendum to a Book Publishing Agreement dated July 20, 1967, with Defendants for the publication of the 5th edition of "Muscles, Testing and Function, Posture and Pain" (the "Publishing Agreement").

9. Plaintiff was one of the authors of the 5th edition of "Muscles, Testing and Function, Posture and Pain," which was published in 2005.

10. Paragraph 4 of the Publishing Agreement, titled "REVISED EDITIONS," states: "Whenever in the Publisher's judgment, public demand requires a revised edition, the Author agrees to prepare a revision of the then current edition, when requested to do so by the Publisher. The Author further agrees to furnish this revision, in a form suitable for publication, within eighteen (18) months from the date of the Publisher's request."

11. Paragraph 4 further states: "Should an individual or individuals constituting the Author die, become disabled, or otherwise be unable to supply such a revision or be unwilling or fail to do so within the eighteen months above specified, the Publisher may secure the aid of a competent person, to substitute for such individual or individuals to prepare a revision. The Publisher agrees that it shall not make such a substitution until it has made a good faith and reasonable determination that (1) the affected individual or individuals is unable or unwilling to furnish such a revision, reasonably acceptable to it, and (2) that the unaffected individual or individuals comprising the 'Author' cannot by themselves furnish such a version reasonably acceptable to it."

12. The Publishing Agreement also specifies that for the 6th edition, royalty distribution would be 48.75% to the originating author (Florence P. Kendall or her estate/designee) and the remaining authors would share the remainder based on their contributions.

13. On August 20, 2009, Defendants sent a notice of approval for a 6th edition, requesting manuscript submission by February 15, 2011.

14. After a meeting with authors in August 2009, no further action was taken on the 6th edition at that time, and no signatures were obtained on the commitment agreement.

15. Between September 27, 2022, and December 13, 2022, Plaintiff sent at least six

email messages to Defendants' representatives, including Emily Lupash and Shannon Magee, the Director of Medical Education Health Learning, Research & Practice, expressing his interest in being part of any discussions or plans for a new revision.

16. In one such email dated September 27, 2022, Plaintiff stated: "I wanted to reconnect with you and reaffirm my interest in being part of any discussions or plans should a new revision come under reconsideration."

17. Despite Plaintiff's expressed interest, Defendants published a 6th edition of "Muscles, Testing and Function, Posture and Pain" on January 3, 2023, with substitute authors, without involving Plaintiff.

18. Plaintiff was not notified of the decision to move forward with the 6th edition despite his multiple inquiries.

19. Defendants did not make "a good faith and reasonable determination" that Plaintiff was "unable or unwilling" to furnish a revised edition before substituting other authors.

20. By letter dated December 18, 2024, Plaintiff's counsel again requested a response from Defendants regarding the breach of contract.

21. By letter dated February 5, 2025, Plaintiff's counsel demanded that Defendants cure their breach of the Publishing Agreement, including by immediately paying Plaintiff the royalties that are past due, properly identifying Plaintiff as an author of the 6th edition, and including Plaintiff's name in all future marketing materials and websites regarding the 6th edition.

22. Defendants have failed to adequately respond to Plaintiff's demands or to cure their breach of the Publishing Agreement.

23. As a result of Defendants' actions, Plaintiff has suffered financial harm by being

denied his share of royalties (estimated at 10.25% of all royalties from the 6th edition) and professional harm by being removed as a named author.

## CLAIMS FOR RELIEF

### Count I - Breach of Contract
(against all defendants)

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. A valid and enforceable contract exists between Plaintiff and Defendants.

26. The Publishing Agreement dated July 20, 1967, with subsequent addendums (including one dated December 30, 2003) constitutes a valid and enforceable contract between Plaintiff and Defendants.

27. Plaintiff performed all of his obligations under the contract.

28. Plaintiff performed his obligations under the contract by contributing to the 5th edition of "Muscles, Testing and Function, Posture and Pain" and by expressing his willingness to participate in the 6th edition through multiple communications between September and December 2022.

29. Defendants breached the contract.

30. Defendants breached Paragraph 4 of the Publishing Agreement by publishing a 6th edition with substitute authors without making "a good faith and reasonable determination" that Plaintiff was "unable or unwilling" to furnish a revised edition, despite his multiple communications expressing interest.

31. Defendants further breached the contract by failing to notify Plaintiff of their decision to move forward with the 6th edition and by failing to include him as an author.

32. Plaintiff suffered damages as a result of Defendants' breach.

33. As a direct and proximate result of Defendants' breach, Plaintiff has suffered financial damages in the form of lost royalties (estimated at 10.25% of all royalties from the 6th edition) and professional harm through exclusion as an author, including damage to his professional reputation and lost employment and promotional opportunities.

### Count II - Breach of the Implied Covenant of Good Faith and Fair Dealing
(against all defendants)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. A valid contract exists between Plaintiff and Defendants.

36. The Publishing Agreement dated July 20, 1967, with subsequent addendums (including one dated December 30, 2003) constitutes a valid contract between Plaintiff and Defendants.

37. Defendants' actions frustrated the purpose of the contract.

38. Defendants frustrated the purpose of the contract by excluding Plaintiff from the 6th edition despite the contract's provisions for author participation and Plaintiff's expressed interest in participating.

39. Defendants acted in bad faith.

40. Defendants acted in bad faith by ignoring Plaintiff's multiple communications expressing interest in participating in the 6th edition (sent between September and December 2022) and failing to notify him of their decision to move forward with substitute authors.

41. Defendants' actions violated the obligation of good faith in the performance and enforcement of the contract as required by Md. Commercial Law Code Ann. § 1-304.

42. Plaintiff suffered damages as a result of Defendants' breach.

43. As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered financial damages in the form of lost royalties and professional harm through exclusion as an author, including damage to his professional reputation and lost employment and promotional opportunities.

## Count III - Unjust Enrichment
### (against all defendants)

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff conferred a benefit upon Defendants.

46. Plaintiff conferred a benefit on Defendants through his contributions to the 5th edition of "Muscles, Testing and Function, Posture and Pain," which formed the basis for the 6th edition.

47. Defendants appreciated or had knowledge of the benefit.

48. Defendants were aware of Plaintiff's contributions and their value, as evidenced by his inclusion as an author on the 5th edition and the use of his work as a foundation for the 6th edition.

49. Defendants accepted or retained the benefit under circumstances that would make it inequitable to retain without payment of its value.

50. Defendants accepted and retained the benefit of Plaintiff's work by publishing the 6th edition based on the 5th edition content without compensating him or including him as an author, which is inequitable given his expressed interest in participating.

51. As a result, Defendants have been unjustly enriched at Plaintiff's expense.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against Defendants.

    Respectfully submitted,

    */s/ William C. Parler, Jr.*
    WILLIAM C. PARLER, JR.
    Fed Bar No. 05087
    THE LAW OFFICES OF
    WILLIAM C. PARLER, JR., LLC
    311 Gailridge Road
    Timonium, Maryland 21093
    (410) 832-1885
    w.parler@parlerlaw.com
    *Attorney for Plaintiff*